IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-03319-RBJ

LEHMAN BROTHERS HOLDING INC.,

    Plaintiff,

v.

INTEGRATED FINANCIAL GROUP, INC.,

    Defendant.

## ORDER

    Plaintiff Lehman Brothers Holdings Inc. moves for entry of default against the defendant, Integrated Financial Group, Inc. The motion [CM/ECF docket entry #31] is granted, and therefore, Integrated Financial Group's motion for determination of law [#24] is moot.

**Facts**

    Between 2005 and 2008 Integrated originated various mortgage loans which it in turn submitted to lenders like Lehman Brothers Bank or affiliates for underwriting and funding. Integrated agreed to indemnify Lehman Brothers in the event that any representations or warranties with respect to the loans proved to be false. Lehman Brothers' rights under the agreements with Integrated were later assigned to Lehman Brothers Holdings Inc. (LBHI).

    LBHI here asserts that Integrated breached representations or warranties with respect to one such mortgage loan, "**** (Connor)." The borrower, presumably Connor, apparently defaulted. LBHI now seeks indemnification by Integrated for its loss on the loan, that the borrower misrepresented that he was occupying the subject property; misrepresented his

financial condition by omitting to disclose two additional mortgages; and failed properly to verify his employment.

Integrated initially answered the complaint, through counsel; participated in a scheduling conference; and moved for a determination of law regarding the applicable statute of limitations. LBHI responded. However, before the Court reviewed the motion, Integrated's counsel moved to withdraw, noting that Integrated had not fulfilled its financial obligations to counsel. The motion was granted with the proviso that Integrated could not represent itself and would have to be represented by counsel in its continued defense. Approximately six weeks later LBHI filed the pending motion for entry of default, noting that no counsel had appeared for Integrated, and that it was therefore unable to proceed with discovery. LBHI's certificate of conferral pursuant to local rule 7.1A indicated that Ari Sadoff, President of Integrated, had stated that he was in the process of closing the business and liquidating its assets, causing a delay in Integrated's obtaining counsel, but that Mr. Sadoff did not state a position on the motion.

On December 6, 2013 the Court issued an order to Integrated to show cause by January 3, 2014 as to why plaintiff's motion for entry of default should not be granted and why Integrated's motion for a determination of law should not be denied as moot. Integrated has not responded to the order to show cause, nor has it filed a response to the motion for entry of default, nor has counsel entered on Integrated's behalf.

**Order**

For the reasons discussed above, the Court finds that Integrated is in default of its obligations with respect to the defense of this case. Accordingly, motion #31 is granted, and motion #24 is denied as moot. The Court directs the Clerk's Office to enter a default. The

plaintiff will still have to file a motion for entry of a default judgment and provide proof of damages, with notice to Mr. Sadoff on behalf of Integrated

DATED this 6th day of January, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge