IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-03319-RBJ

LEHMAN BROTHERS HOLDING INC.,

    Plaintiff,

v.

INTEGRATED FINANCIAL GROUP, INC.,

    Defendant.

## ORDER

Plaintiff Lehman Brothers Holdings Inc. moves for entry of a default judgment against the defendant, Integrated Financial Group, Inc. The motion is granted.

**Facts**

The Court summarized the facts in its order of January 6, 2014 directing the entry of a default. [ECF No. 33]. Briefly, on May 26, 2005 Integrated, a mortgage broker, entered into a brokerage agreement with Lehman Brothers Bank ("LBB") whereunder Integrated would submit residential mortgage loans to LBB for underwriting and funding. One such loan was for a borrower named Connor. Pursuant to the brokerage agreement and related documents, Integrated agreed to repurchase the loan if the loan application contained material misstatements. Connor ultimately defaulted. Contending that the loan application did contain three material misrepresentations, the plaintiff Lehman Brothers Holding, Inc., as assignee of LBB, demanded that Integrated repurchase the loan. When the demand was not met, this suit followed.

Integrated initially answered the complaint, participated in a scheduling conference; and moved for a determination of law regarding the applicable statute of limitations. However, before the Court reviewed the motion, Integrated's counsel moved to withdraw, noting that Integrated had not fulfilled its financial obligations to counsel. The motion was granted with the proviso that Integrated could not represent itself and would have to be represented by counsel in its continued defense. Approximately six weeks later plaintiff filed a motion for entry of default, noting that no counsel had appeared for Integrated, and that it was therefore unable to proceed with discovery. Plaintiff's certificate of conferral pursuant to local rule 7.1A indicated that Ari Sadoff, President of Integrated informed counsel that he was in the process of closing the business and liquidating its assets, causing a delay in Integrated's obtaining counsel. Mr. Sadoff did not state a position on the motion for entry of default.

On December 6, 2013 the Court issued an order to Integrated to show cause by January 3, 2014 as to why plaintiff's motion for entry of default should not be granted and why Integrated's motion for a determination of law should not be denied as moot. Integrated did not respond to the order to show cause or to the motion for entry of default. The Court granted the motion, and a Clerk's default was entered on January 6, 2014.

On February 24, 2014 plaintiff filed the pending motion for entry of default judgment. [ECF No. 38]. Because no counsel had entered on behalf of Integrated since the withdrawal of its original counsel in October 2013, the motion was served directly on Mr. Sadoff. Once again, no counsel has entered on behalf of Integrated, nor has any response been filed to the motion for default judgment.

The motion for default judgment is supported by the Affidavit of Scot Osborne, an Assistant Vice President of Lehman Brothers Holdings, Inc. [ECF No. 38-1] and by several

exhibits to the Affidavit [ECF Nos. 38-2 through 38-5]. The Court has reviewed these materials as well as the 12-page motion itself.

Jurisdiction is not contested. The Court has subject matter jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332. Plaintiff is a Delaware corporation with its principal place of business in New York. Integrated is a Pennsylvania corporation with its principal place of business in Pennsylvania. Integrated was served by service on its agent for service in Colorado, and it has not contested personal jurisdiction.

The Court further finds from its review of the motion and supporting materials that it has presented prima facie evidenceof a breach of contract and that it has sustained damages in the amount of $262,792.41, inclusive of prejudgment interest of $25,773.38. Plaintiff requests the entry of judgment in that amount. Plaintiff indicates that it is waiving any claim to attorney's fees and waiving its right to submit a bill of costs pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1) (the prayer at the end of the motion is inconsistent with the latter waiver).

**Order**

1. The motion for default judgment [ECF No. 38] is GRANTED.

2. The Court directs that final judgment be entered in favor of Lehman Brothers Holdings Inc. and against Integrated Financial Group, Inc. in the amount of $262,792.41 plus post-judgment interest per 28 U.S.C. § 1961.

DATED this 17th day of March, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge